IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME MORTGAGE CORP., | No. C 12-03320 CRB |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| RITA HERRERA, SANDRA RANGEL, DANIEL GONZALEZ, | |
| Defendants. | |

Defendants Daniel Gonzalez, Rita Herrera, and Sandra Rangel removed this case from state court on June 27, 2012. See dkt. 1. The case was reassigned on July 30, 2012. See dkt. 13. The Court notes that a Motion to Shorten Time re a Motion to Remand is already on file. See dkt. 14. However, the Court finds this matter suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b), and REMANDS the case to state court.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,00.00. The burden of establishing that federal jurisdiction exists is on the party seeking

removal, and courts strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Upon review of the state court complaint attached to the Notice of Removal, it is apparent to the Court that, indeed, it does not have jurisdiction over the matter. Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). The state court complaint here involves only a claim of unlawful detainer. Notice of Removal Ex. 2. Therefore, no federal question is presented. See Wells Fargo Bank v. Lapeen, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Moreover, based upon the face of the well-pleaded complaint, which alleges that the amount in controversy "does not exceed $10,000," and indicates that Defendant is what is known as a local defendant (residing in the State in which this action has been brought), there is also no diversity jurisdiction. See Notice of Removal Ex. 2; 28 U.S.C. § 1441(b). Accordingly, the Case is REMANDED to the Superior Court of the State of California, County of Stanislaus.

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of removal." Plaintiff argues generally for the award of attorneys' fees in its Motion to Shorten Time. Mot. at 5.

"[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision

2

to afford Defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140. In this case, there is no basis for federal subject matter jurisdiction. Clearly established state and federal law unequivocally prohibit removal under the circumstances of this case, as discussed above. Thus, the Court finds there was not an objectively reasonable basis for removal. Moreover, and most egregiously, defendants have removed this case twice already, and it has been remanded both times on identical grounds to the grounds here. Mot. Exs. 2, 5. Accordingly, the Court GRANTS Plaintiff's request for attorneys' fees. The Court orders Plaintiff to file a declaration detailing all fees incurred in response to the Notice of Removal within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 2, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE